JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Naomi Alston

**DEFENDANTS**
Guadioso Construction Inc.
Tri State Paving & Construction Inc.

**(b)** County of Residence of First Listed Plaintiff    Montgomery Co.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware Co.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy Hough, Esq.
Two Penn Center Plaza #1907
Philadelphia, PA   215-564-5200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☒ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
Defendant
- ☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☒ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original
Proceeding
- ☒ 2 Removed from
State Court
- ☐ 3 Remanded from
Appellate Court
- ☐ 4 Reinstated or
Reopened
- ☐ 5 Transferred from
Another District
*(specify)*
- ☐ 6 Multidistrict
Litigation -
Transfer
- ☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1441, 1446 and 2679(d)
Brief description of cause:
Remove matter to EDPa

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/09/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:     1600 Church Road #1 308 Wyncote PA 19095

Address of Defendant:     1403 TANGUY RD, Glen Mills, PA 19342

Place of Accident, Incident or Transaction:     9925 Bustleton Ave.  Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☐

Does this case involve multidistrict litigation possibilities?          Yes☐  No☐
*RELATED CASE, IF ANY:*
Case Number:  16cv3788          Judge   Tucker          Date Terminated:   remanded to State Court

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,_____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                         Attorney-at-Law                                    Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/9/17     _____     201736
                                     Attorney-at-Law                                    Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Naomi Alston | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Guadioso Construction Inc. et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court.  (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(✓)

| | | |
|---|---|---|
| November 9, 2017 | John T. Crutchlow, AUSA | USA |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | john.crutchlow@usdoj.gov |
| 215-861-8522 | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAOMI ALSTON | : | |
| | : | Court of Common Pleas |
| vs. | : | Philadelphia County |
| | : | |
| GAUDIOSO CONSTRUCTION, INC., | : | May Term, 2016 |
| TRI-STATE PAVING & | : | |
| CONSTRUCTION, INC., TRI-STATE | : | No. 1329 |
| PAVING & CONSTRUCTION | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442(a)(l), and 1442(d)(1) the United States of America hereby removes this action to the United States District Court for the Eastern District of Pennsylvania and represents the following in support thereof:

1. Plaintiff Naomi Alston filed a complaint in the Court of Common Pleas, Philadelphia County, on or about May 10, 2016 (May Term, 2016 No. 1329) alleging that the negligence of Gaudioso Construction, Inc. ("Gaudioso") and/or Tri State Paving & Construction, Inc. caused or contributed to a fall in which plaintiff alleges she was injured.

2. Ms. Alston alleges that she fell in a USPS parking lot and was at all relevant times a United States Postal Service ("USPS") employee.

3. Defendant Gaudioso filed a "Joinder Complaint" against the United States on or about June 30, 2016 alleging that the negligence of employees of the United States acting within the scope of their employment caused or contributed to plaintiff's alleged injuries.

4. The United States removed the action to the United States District Court for the Eastern District of Pennsylvania on or about July 13, 2016 and moved to dismiss the United States from the case. *See* Docket No. 16-3788 at document nos. 1, 18.

5. The District Court granted the United States' motion to dismiss, dismissing the United States from this action, and remanded the case back to state court on or about February 28,

2017. *See* Docket No. 16-3788 at document no. 29.

6.      On or about October 27, 2017, defendant Gaudioso Construction filed a motion in the Pennsylvania Court of Common Pleas, Philadelphia County, to compel the discovery deposition of USPS employee, Charmaine Ashby. *See* Exhibit 1.

7.      Pursuant to 28 U.S.C.S. § 1442(a), the United States may remove a civil action against or directed to "the United States or any officer (or any person acting under that officer) of the United States or any agency thereof…." A "civil action" includes any proceeding "to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C.S. § 1442(d)(1). Removal is appropriate, because Gaudioso's motion seeks an order compelling the deposition of USPS employee Ashby.

8.      Federal regulations govern whether and/or under what circumstances a USPS employee will be produced to provide testimony in matters in which the United States is not a party when the testimony concerns information gained in that employee's official capacity. *See* 39 CFR 265.12; see also *United States ex rel. Touhy v. Ragan*, 340 U.S. 462 (1951).

9.      Gaudioso seeks Charmaine Ashby's deposition concerning information gained while she was on duty on the day of plaintiff Naomi Alston's alleged fall.

10.      Pursuant to 28 U.S.C. § 1446(d), a certified copy of this Notice is being filed with the Prothonotary of the Court of Common Pleas, Philadelphia County, Pennsylvania.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

JOHN T. CRUTCHLOW
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
john.crutchlow@usdoj.gov

November 9, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served on November 9, 2017, by First Class United States Mail, postage prepaid, and email upon the following:

Timothy R. Hough, Esq.
Two Penn Center, Suite 1907 1500 JFK Boulevard
Philadelphia, PA 19102
*Counsel for Plaintiff*

Sharon Harvey, Esq.
Connor, Weber & Oberlies
171 West Lancaster Ave, Suite 100
Paoli, PA 19301
*Counsel for Tri-State Paving & Construction , Inc.*

Laurianne Falcone, Esq. LaTi Spence, Esq.
Marshall, Dennehey, Warner, Coleman, & Goggin
2000 Market Street, 23rd Floor Philadelphia,  PA 19103
*Counsel for Gaudioso Construction, Inc.*

JOHN T. CRUTCHLOW
Assistant United States Attorney

# Exhibit 1

Motion to Compel

U.S. POSTAL SERVICE
EASTERN AREA LAW OFFICE

NOV - 3 2017

RECEIVED

NAOMI ALSTON                          COURT OF COMMON PLEAS
                                   :  PHILADELPHIA COUNTY
              vs.                  :

GAUDIOSO CONSTRUCTION, INC.,       :  MAY TERM, 2016
TRI-STATE PAVING &                 :
CONSTRUCTION, INC., TRI-STATE      :  NO.  1329
PAVING & CONSTRUCTION              :

## O R D E R

    **AND NOW,** this         day of                 , 2017, upon

consideration of Defendant, Gaudioso Construction, Inc.'s Motion to Compel the deposition of

Charmaine Ashby, and any responses thereto, it is hereby **ORDERED** and **DECREED** that

Defendant's Motion is **GRANTED,** and Charmaine Ashby shall appear for deposition at the Law

Offices of Marshall Dennehey Warner Coleman & Goggin at _____on _____

_____ , or risk sanctions upon further application to the Court and cause

shown.

 

 

_____
                                      J.

**Discovery Deadline: December 4, 2017**

Case ID: 1605013

19210.03825

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**                    Attorneys for Defendant
By: Laurianne Falcone, Esquire            Gaudioso Construction, Inc.
Identification No.: 85764
2000 Market Street, 23rd Floor
Philadelphia, PA 19103; (215) 575-2715

| | | |
|---|---|---|
| NAOMI ALSTON | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | |
| GAUDIOSO CONSTRUCTION, INC., et | : | MAY TERM, 2016 |
| al. | : | NO.  1329 |

<u>**DEFENDANT, GAUDIOSO CONSTRUCTION, INC.'S MOTION TO COMPEL**</u>
<u>**CHARMAINE ASHBY TO APPEAR FOR DEPOSITION**</u>

Defendant, Gaudioso Construction, Inc. (hereinafter, "Moving Defendant"), by and

through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby requests that this

Honorable Court grant its Motion to Compel Charmaine Ashby to appear for deposition, and in

support thereof, avers the following:

1.   ·Plaintiff commenced this action via Complaint in the Philadelphia Court of

Common Pleas on May 10, 2016.

2.   In Plaintiff's Complaint, plaintiff alleges that she sustained injuries as a result of a

trip and fall which took place at the United States Postal Service, located at 9925 Bustleton

Avenue, Philadelphia, PA.  Among her injuries, Plaintiff claims she missed significant time from

her employment for the United States Postal Service (USPS) at the time of this incident.

4.   Based upon Plaintiff's discovery responses, shortly after the alleged incident,

Plaintiff went to Ms. Ashby, her supervisor at the time of the alleged incident, and then Ms.

Ashby took Plaintiff to the hospital for medical treatment for her injuries related to the incident

in this matter.

5.      Plaintiff's counsel produced an Official Supervisor's Report completed by Ms. Ashby on the date of the alleged incident.  While Plaintiff's Answers to Interrogatories state that she fell on depressed asphalt adjacent to a manhole cover, the Report states that Plaintiff stepped into a manhole, thereby sustaining an injury to her left foot.

6.      In the Report, Ms. Ashby also indicates that, "Employee's break was over and I believe she was rushing."  She further indicates "Employee parks in this spot regularly.  A combination of haste, inattention and newer Reebok sneakers was the result of this accident."

7.      Additionally, Ms. Ashby checked off a box indicating "No" when asked if she agreed with the version of events of the employee and/or witnesses.  A copy of the Official Supervisor's Report is attached hereto as Exhibit "A."

8.      Accordingly, on or about October 9, 2017, counsel for Moving Defendant sent correspondence to David Silverman, Paralegal Specialist at the USPS, advising him why Ms. Ashby's deposition, pursuant to the *Touhy* regulations, is relevant to the instant case.  A copy of defense counsel's October 9, 2017 correspondence is attached hereto as Exhibit "B."

9.      On or about October 10, 2017, Mr. Silverman informed counsel that the USPS refuses to honor said request because a demand for testimony of a United States Postal employee is governed by federal regulations designed "to minimize the disruption of postal operations by private litigation."

10.     The letter further states that the USPS refuses to produce Ms. Ashby because (1) the requested testimony is based upon information taken from records contained in a Privacy Act system or records that belong to the United States Department of Labor ("DOL") and not the USPS; and (2) counsel for Moving Defendant has not shown "why the information sought is unavailable by any other means" or "that no document could be provided and used in lieu of testimony."  A copy of Mr. Silverman's October 10, 2017 correspondence is attached hereto as Exhibit "C."

11.     With regard to the concern of the USPS to "minimize the disruption of postal operations by private litigation," counsel for Moving Defendant will work together with the USPS to arrange for Ms. Ashby's deposition to take place during a time which is most convenient for Ms. Ashby and which does not affect the operation of postal services.

12.     Counsel for Moving Defendant is also willing to proceed with Ms. Ashby's deposition outside of business hours, such as on a federal holiday, or on a day or during a time when Ms. Ashby is not working for the USPS.

13.     If it is more convenient to take the deposition at Ms. Ashby's jobsite, counsel will make arrangements for same so that Ms. Ashby does not have to travel to a law office.

14.     Additionally, Ms. Ashby can wear her work uniform to the deposition in an effort to further minimize any potential disruption of the postal operations.

15.     With regard to USPS's contention that the requested testimony is based upon information taken from records contained in a Privacy Act system or records that belong to the United States Department of Labor ("DOL") and not the USPS, counsel for Moving Defendant is not using Ms. Ashby's deposition as a fishing expedition.

16.     To quite the contrary, Plaintiff's counsel produced the Official Supervisor's Report completed by Ms. Ashby and the content of that report and the information that Ms. Ashby has regarding the incident falls squarely within the scope of what is permitted under Pennsylvania Rule of Civil Procedure 4003.1.

17.     Counsel for Moving Defendant should not be confined to the four corners of her Report.

18.     Counsel should be afforded the opportunity to further explore the circumstances surrounding the alleged incident, as witnessed by Ms. Ashby, and her testimony is not only relevant, but critical to the subject matter involved in the pending action.

19.     If the USPS is concerned that Ms. Ashby's testimony will infringe upon information contained in a Privacy Act system or records that belong to the DOL, counsel for those respective agencies can attend Ms. Ashby's deposition so as to assure that protected information unrelated to the instant case is not disclosed during her deposition.

20.     While the USPS contends that counsel for Moving Defendant has not shown "why the information sought is unavailable by any other means" or "that no document could be provided and used in lieu of testimony," surely, the Report completed by Ms. Ashby is not sufficient and there is no more convenient source to obtain information pertaining to the report that she personally prepared and the facts related to the alleged incident, other than to take her deposition.

21.     For the reasons specifically set forth above, Charmaine Ashby's deposition is crucial and necessary for counsel Moving Defendant to properly evaluate the claims in this lawsuit.

22..    The refusal of the USPS to produce her for deposition prejudices Moving Defendant and their ability to prepare a defense in this case.

WHEREFORE, Defendant, Gaudioso Construction, Inc., respectfully requests that this Honorable Count enter an Order in the form attached hereto compelling Charmaine Ashby to appear for deposition or risk sanctions.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:    /s/ Laurianne Falcone
       LAURIANNE FALCONE
       Attorneys for Defendant
       Gaudioso Construction, Inc.

Date: 10/27/17

# EXHIBIT "A"

**Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation**   Reset   Print   **U.S. Department of Labor**
Office of Workers' Compensation Programs

Employee: Please complete all boxes 1 - 15 below.  Do not complete shaded areas.
Witness: Complete bottom section 16.
Employing Agency (Supervisor or Compensation Specialist): Complete shaded boxes a, b, and c.

**Employee Data**

| 1. Name of employee (Last, First, Middle) | 2. Social Security Number |
|---|---|
| Alston                    Naomi | |

| 3. Date of birth  Mo. Day Yr. | 4. Sex  Male ☐ Female ☑ | 5. Home telephone  215-884-2 | 6. Grade as of date of injury  Level ☐  Step ☐ |

7. Employee's home mailing address (include street address, city, state, and ZIP code)

1600 Church Rd Condo #366

| City | State | ZIP Code |
|---|---|---|
| Wyncote | PA | 19095 |

| 8. Dependents |
| Wife, Husband |
| Children under 18 years |
| Other  None |

Description of Injury

9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine)

9925 Bustleton Ave Phila Pa 19115 (Parking Lot)

| 10. Date Injury occurred  Mo. Day Yr.  9-26-14 | Time  11:10 ☑ a.m. ☐ p.m. | 11. Date of this notice  Mo. Day Yr.  9-26-14 | 12. Employee's occupation  Sqt Agent (Clerk) |

13. Cause of injury (Describe what happened and why)

On Sept 26 2014, at approx. 11:00am I was walking in the parking lot and sprain my left ankle on sunken uneleveted manhole (People hole) in the ground.

14. Nature of injury (Identify both the injury and the part of body, e.g., fracture of left leg)

Sprain Left Ankle

| a. Occupation code | |
| b. Type code | c. Source code |
| OWCP Use  d. NOI Code | |

**Employee Signature**

15. I certify, under penalty of law, that the Injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication.  I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

☑ a.  Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days.  If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584.

☐ b.  Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

Signature of employee or person acting on his/her behalf   Naomi Alston   Date  9-26-14

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

Have your supervisor complete the receipt attached to this form and return it to you for your records.

**Witness Statement**

16. Statement of witness (Describe what you saw, heard, or know about this injury)

See attachments

| Name of witness | Signature of witness | Date signed |
|---|---|---|
| | | |

| Address | City | State | ZIP Code |
|---|---|---|---|
| | | | |

Form CA-1
Rev. Apr. 1989

Official Supervisor's Report: Please complete information requested below:

**Supervisor's Report**

| 17. Agency name and address of reporting office (include street address, city, state, and ZIP code)<br>Sales Retention Team, Bustleton Station<br>9925 Bustleton Ave | OWCP Agency Code |
|---|---|
| | OSHA Site Code |

| City<br>Philadelphia | ZIP Code<br>19115 | ZIP Code |
|---|---|---|

| 18. Employee's duty station (include street address, city, state and ZIP code)<br>9925 Bustleton Ave | City<br>Phila |
|---|---|

19 Employee's retirement coverage ☐ CSRS ☐ FERS ☐ Other, (identify)

| 20. Regular work hours From: ☐ a.m. ☐ p.m. To: ☐ a.m. ☐ p.m. | 21. Regular work schedule ☐ Sun. ☐ Mon. ☑ Tues. ☑ Wed. ☑ Thurs. ☑ Fri. ☐ Sat. |
|---|---|

| 22. Date of injury<br>Mo. Day Yr.<br>09/26/2014 | 23. Date notice received<br>Mo. Day Yr.<br>09/26/2014 | 24. Date stopped work<br>Mo. Day Yr.<br>9/26/2014 | Time: 16.00 ☐ a.m. ☑ p.m. |
|---|---|---|---|

| 25. Date pay stopped<br>Mo. Day Yr.<br>9/26/2014 | 26. Date 45 day period began<br>Mo. Day Yr.<br>9/26/2014 | 27. Date returned to work<br>Mo. Day Yr. | Time: ☐ a.m. ☑ p.m. |
|---|---|---|---|

28. Was employee injured in performance of duty?  ☑ Yes  ☐ No (If "No," explain)

At approx. 11:10 employee was going to her car and stepped in to a manhole and sprained her left foot

29. Was injury caused by employee's willful misconduct, intoxication, or intent to injure self or another?  ☑ Yes (If "Yes," explain)  ☐ No

Employee's break was over and I believe she was rushing

| 30. Was injury caused by third party? ☐ Yes ☐ No (If "No," go to Item 32.) | 31. Name and address of third party (include street address, city, state, and ZIP code)<br>City | ZIP Code |
|---|---|---|

| 32. Name and address of physician first providing medical care (include street address, city, state, ZIP code)<br>Aria Health of Torresdale Red Lion & Knights Rd, Phila., PA 19114 Dr Jonathan Schwardon | 33. First date medical care received<br>Mo. Day Yr.<br>9/26/2014 |
|---|---|

| City<br>Philadelphia | ZIP Code<br>19114 | 34. Do medical reports show employee is disabled for work? ☑ Yes ☐ No |
|---|---|---|

35. Does your knowledge of the facts about this injury agree with statements of the employee and/or witnesses? ☐ Yes ☑ No (If "No," explain)

Employee parks in this spot regularly. A combination of haste, inattention and newer reebok sneakers was the result of this accident.

| 36. If the employing agency controverts continuation of pay, state the reason in detail.<br>The employee was on Break and not paying attention to where she was going. | 37. Pay rate when employee stopped work<br>Per |
|---|---|

**Signature of Supervisor and Filing Instructions**

38. A supervisor who knowingly certifies to any false statement, misrepresentation concealment of fact, etc. in respect of this claim may also be subject to appropriate felony criminal prosecution.

I certify that the information given above and that furnished by the employee on the reverse of this form is true to the best of my knowledge with the following exception:

| Name of supervisor (Type or print)<br>Charmaine C, Ashby | |
|---|---|
| Signature of supervisor  *Charmaine C. Ashby* | Date<br>9/26/2014 |
| Supervisor's Title<br>Sales Retention Team, Supervisor | Office phone<br>(267) 348-3744 |

| 39. Filing Instructions | ☐ No lost time and no medical expense: Place this form in employee's medical folder (SF-66-D) |
|---|---|
| | ☐ No lost time, medical expense incurred or expected: forward this form to OWCP |
| | ☑ Lost time covered by leave, LWOP, or COP: forward this form to OWCP |
| | ☐ First Aid Injury |

Form CA-1
Revised January 2013

## Benefits for Employees under the Federal Employees' Compensation act (FECA)

The FECA, which is administered by the Office of Workers' Compensation Programs (OWCP), provides the following benefits for job-related traumatic injuries:

(1) Continuation of pay for disability resulting from traumatic, job-related injury, not to exceed 45 calendar days, (To be eligible for continuation of pay, the employee, or someone acting on his/her behalf, must file Form CA-1 within 30 days following the injury and provide medical evidence in support of disability within 10 days of submission of the CA-1. Where the employing agency continue's the employee's pay, the pay must not be interrupted unless one of the provision's outlined in 20 CFR 10.222 apply.

(2) Payment of compensation for wage loss after the expiration of COP, if disability extends beyond such point, or if COP is not payable, if disability continues after COP expires, Form CA-7, with supporting medical evidence, must be filed with OWCP. To avoid interruption of income, the form should be filed on the 40th day of the COP period.

(3) Payment of compensation for permanent impairment of certain organs, members, or functions of the body (such as loss or loss of use of an arm or kidney, loss of vision, etc.), or for serious disfingement of the head, face, or neck.

(4) Vocational rehabilitation and related services where directed by OWCP.

(5) All necessary medical care from qualified medical providers. The injured employee may choose the physician who provides initial medical care. Generally, 25 miles from the place of injury, place of employment, or employee's home is a reasonable distance to travel for medical care.

An employee may use sick or annual leave rather than LWOP while disabled. The employee may repurchase leave used for approved periods. Form CA-7b, available from the personnel office, should be studied BEFORE a decision is made to use leave.

For additional information, review the regulations governing the administration of the FECA (Code of Federal Regulations, Chapter 20, Part 10) or pamphlet CA-810.

## Privacy Act

In accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a), you are hereby notified that: (1) The Federal Employees' Compensation Act, as amended and extended (5 U.S.C. 6101, et seq.) (FECA) is administered by the Office of Workers' Compensation Programs of the U.S. Department of Labor, which receives and maintains personal information on claimants and their immediate families, (2) Information which the Office has will be used to determine eligibility for and the amount of benefits payable under the FECA, and may be verified through computer matches or other appropriate means. (3) Information may be given to the Federal agency which employed the claimant at the time of injury in order to verify statements made, answer questions concerning the status of the claim, verify billing, and to consider issues relating to retention, rehire, or other relevant matters. (4) Information may also be given to other Federal agencies, other government entities, and to private-sector agencies and/or employers as part of rehabilitative and other return-to-work programs and services, (5) Information may be disclosed to physicians and other health care providers for use in providing treatment or medical/vocational rehabilitation, making evaluations for the Office, and for other purposes related to the medical management of the claim. (6) Information may be given to Federal, state and local agencies for law enforcement purposes, to obtain information relevant to a decision under the FECA, to determine whether benefits are being paid properly, including whether prohibited dual payments are being made, and, where appropriate, to pursue salary/administrative offset and debt collection actions required or permitted by the FECA and/or the Debt Collection Act. (7) Disclosure of the claimant's social security number (SSN) or tax identifying number (TIN) on this form is mandatory. The SSN and/or TIN, and other information maintained by the Office, may be used for identification, to support debt collection efforts carried on by the Federal government, and for other purposes required or authorized by law, (8) Failure to disclose all requested information may delay the processing of the claim or the payment of benefits, or may result in an unfavorable decision or reduced level of benefits.

Note: This notice applies to all forms requesting information that you might receive from the Office in connection with the processing and adjudication of the claim you filed under the FECA.

## Receipt of Notice of Injury

This acknowledges receipt of Notice of Injury sustained by
(Name of injured employee)

Naomi Alston

Which occurred on (Mo., Day, Yr.) 9-26-14

At (Location)

9925 Bustleton Ave

Signature of Official Superior  Chardane C. Oakly   Title Stepenson   Date (Mo., Day, Yr.) 9-26-14

*U.S. GPO: 1999-454-865/11205*

Form CA-1
Rev. Apr. 1999

# EXHIBIT "B"

**Schulnick, Courtney B.**

| | |
|---|---|
| **From:** | Schulnick, Courtney B. [CBSchulnick@MDWCG.com] |
| **Sent:** | Monday, October 09, 2017 12:17 PM |
| **To:** | Silverman, David D - Philadelphia, PA |
| **Cc:** | Falcone, Laurianne |
| **Subject:** | RE: Alston case |

Hi David,

Thank you for your letter of October 2nd and the CD containing a copy of Ms. Alston's personnel folder.

We would like to take the deposition of Charmaine Ashby, an employee at the Post Office, in connection with the above matter. According to the mandate set forth by the Touhy case, I am requesting that we be permitted to proceed with her deposition. Her testimony is relevant to the case because pursuant to plaintiff's discovery responses, she claims that after the alleged incident on 9/26/14, she informed her supervisor, Ms. Ashby, of the incident and Ms. Ashby then took plaintiff to the hospital.

Would you kindly advise of whether you can assist us in this regard?

Thanks so much.



MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

PA   NJ   ST   GR   JJ   NY

**Courtney B. Schulnick**
*Attorney at Law*
bio | e-mail | website

2000 Market St.
Suite 2300
Philadelphia, PA 19103
Direct:  (215) 575-2823
Main:   (215) 575-2600
Fax:    (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to CBSchulnick@MDWCG.com , or by telephone at (215) 575-2823 and then delete the message and its attachments from your computer.

**From:** Silverman, David D - Philadelphia, PA [mailto:David.D.Silverman@usps.gov]
**Sent:** Monday, October 02, 2017 10:52 AM
**To:** Schulnick, Courtney B.
**Subject:** FW: Alston case

Dear Ms. Schulnick,

I am in receipt of your email addressed to our Deputy Managing Counsel, Jennifer Breslin.

My correspondence to Ms. Spence and the faxed confirmation regarding her receipt thereof is attached for your convenient reference.

1

EXHIBIT "C"

 **UNITED STATES**
**POSTAL SERVICE**

## LAW DEPARTMENT
### PHILADELPHIA FIELD OFFICE
3970 S. 70TH STREET
PHILADELPHIA, PA  19153

TELEPHONE:  (215) 351-3850          FAX:  (215) 351-3851

### FAX TRANSMITTAL COVER SHEET

DATE: October 10, 2017 _____    TOTAL PAGES: 2 _____  + COVER SHEET

TO:  Courtney B. Schulnick, Esquire (FAX No. 215-575-0856)

ORGANIZATION:  Marshall, Dennehey, Warner, Coleman & Goggin

FROM:  David D. Silverman, Paralegal Specialist

ORGANIZATION: _____ LAW DEPARTMENT - PHILADELPHIA FIELD OFFICE
TELEPHONE NUMBER: 215-351-3822

IF YOU HAVE NOT RECEIVED ALL OF THESE PAGES, PLEASE CONTACT ME
AND SEND SPECIAL INSTRUCTIONS:

**CONFIDENTIALITY NOTICE**
**OFFICIAL GOVERNMENT BUSINESS**

This communication is intended for the sole use of the individual or entity to
which it is addressed and may contain information that is privileged, confidential,
and exempt from disclosure under applicable law. If the reader of this
communication is not the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication may be strictly
prohibited. If you have received this communication in error, please notify me
immediately by telephone call, and return the communication to me at the
address above via United States Postal Service.

Thank you.

10/10/2017   13:42    2158513851              LAW DEPT                                    PAGE   02



**UNITED STATES**
**POSTAL SERVICE**

LAW DEPARTMENT
PHILADELPHIA FIELD OFFICE

October 10, 2017

**VIA FAX (215) 575-0856**

Courtney B. Schulnick, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103

Re:   Naomi Alston vs. Gaudioso Construction, Inc., et al.
      Docket No.:    CCP May 2016, No. 1329
      Your File No.:    19210.03825

      Request for Deposition of USPS Employee Charmaine Ashby

Dear Ms. Schulnick:

      I am writing in response to your email dated October 9, 2017 requesting to take the deposition of United States Postal Service employee Charmaine Ashby regarding the above-captioned matter.

      Unfortunately, the United States Postal Service cannot honor your request.   A demand for testimony of a United States Postal official and/or employee is governed by federal regulations designed to minimize the disruption of postal operations by private litigation. *See* 39 C.F.R. § 265.12.   The validity of these regulations, known as "Touhy" regulations, after the Supreme Court's decision in *Touhy v. Ragen*, 340 U.S. 462 (1951), has been consistently upheld. *See, Moore v. Armour Pharmaceutical*, 927 F.2d 1194 (11th Cir. 1991); *Boron Oil Co. V. Downie*, 873 F.2d 67 (4th Cir. 1989).

- 2 -

Based upon what you have submitted in your email of October 9, 2017, the United States Postal Service is not willing to produce Ms. Alston's prior Postal Service supervisor, Charmaine Ashby, for deposition. First, the requested testimony is based upon information taken from records contained in a Privacy Act system of records that belongs to the United States Department of Labor ("DOL") and not the United States Postal Service; second, you have not shown "why the information sought is unavailable by any other means" or "that no document could be provided and used in lieu of testimony." *See* 39 C.F.R. § 265.12(c)(2)(ii) & (iii); *see also* 39 C.F.R. § 265.12(d)(4) ("[A]t the General Counsel's discretion, testimony may be provided by affidavits, answers to interrogatories, [or] written depositions . . . .").

The United States Postal Service is unable to produce documents relating to Ms. Alston's worker's compensation proceeding, even with her written consent. Worker's compensation records of federal employees belong exclusively to the DOL, Office of Workers' Compensation Programs, and only the DOL may release those records and consent to the release of information contained in those records.

The United States Postal Service is principally charged by Congress with providing universal, affordable mail delivery service. It has substantially limited resources and the *Touhy* regulations are designed to ensure that those resources are not burdened any more than necessary, in the discretion of the General Counsel or his delegate. You have not shown that the testimony sought is unavailable by any other means:

Based upon the foregoing, you have not fully complied with the Touhy regulations and the United States Postal Service is unable to comply with or fully consider your request until such time as you have fully complied with those regulations, and established that the requested testimony has been consented to by the DOL or does not involve matters contained in the DOL OWCP system of records.

Please direct any further correspondence regarding this matter directly to the attention of the undersigned only.

Respectfully,

*David D. Silverman*

David D. Silverman
Paralegal Specialist
PH:   (215) 351-3822 (direct)
Fax:  (215) 351-3851
David.D.Silverman@usps.gov

/dds

**MARSHALL DENNEHEY**
WARNER COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103

David D. Silverman, Paralegal Specialist
Law Department
United States Postal Service
3970 S. 70th Street
Philadelphia, PA 19153